**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
3131 4th Avenue
San Diego, California 92103
Telephone: (619) 232-0086
Facsimile (619) 696-0045
Email: jon@millerjohnsonlaw.com

**SETH M. REISS** (HI Bar No. 2774)*
Seth M. Reiss, AAL, ALLLC
3770 Lurline Drive
Honolulu, Hawaii 96815
Telephone: 808-521-7080
Facsimile: 808-675-5805
Email: seth.reiss@lex-ip.com

**DANE ANDERSON** (HI Bar No. 9349)*
Dane Anderson, Attorney at Law, LLLC
P.O. Box 240161
Honolulu, Hawaii 96824
Telephone: (808) 285-4760
Email: dane@andersonlawhawaii.com
*(Subject to Admission Pro Hac Vice)

Attorneys for Plaintiff L & L FRANCHISE, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L & L FRANCHISE, INC., a Hawaii corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWAIIAN GOURMET GRILL INC, a California Corporation, dba LB HAWAIIAN BBQ and/or LB HAWAIIAN BARBECUE; CHRISTOPHER HAHN, an individual; DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>1)  **TRADEMARK INFRINGEMENT;**<br>2)  **TRADE DRESS INFRINGEMENT;**<br>3)  **COPYRIGHT INFRINGEMENT; and**<br>4)  **UNFAIR COMPETITION** |

COMES NOW Plaintiff L & L FRANCHISE, INC. ("Plaintiff"), by and through its attorneys above-named, and for a complaint for copyright infringement, trademark and trade dress infringement, and unfair competition and related claims, and for declaratory and injunctive relief and damages, against Defendants HAWAIIAN GOURMET GRILL INC, a California Corporation, dba LB HAWAIIAN BBQ and/or LB HAWAIIAN BARBECUE; CHRISTOPHER HAHN, an individual; and, DOES 1 through 10 inclusive, alleges and avers as follows:

## THE PARTIES

1. Plaintiff L & L FRANCHISE, INC. ("L & L" or "Plaintiff") is, and at all relevant times herein was, a Hawaii corporation with offices in Honolulu, Hawaii.  L & L is engaged in operating and franchising fast food restaurants that feature and cater plate-lunch style fast food of the type typically found in the Islands of Hawaii.

2. Upon information and belief, Defendant HAWAIIAN GOURMET GRILL INC ("HGG") is and at all relevant times herein was a California corporation with its principal place of business in Long Beach, California, and is doing business as LB HAWAIIAN BBQ and/or LB HAWAIIAN BARBECUE.

3. Upon information and belief, Defendant CHRISTOPHER HAHN ("HAHN"), is and at all relevant times herein was an individual residing in Los Angeles County, California, and is an officer and director of Defendant HGG.

4. Upon information and belief, Defendants DOES 1 through 10, inclusive, are individuals, corporations, trusts, partnerships and/or other legal persons or entities who are sued herein under fictitious names for the reason that their true names and/or responsibilities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendants and/or used, without authorization, Plaintiff's copyrights or trademarks or trade dress or confusingly similar facsimiles thereof in conjunction with the advertisement or operation of one or more fast food restaurants and/or contributed to or are vicariously or otherwise responsible for all or a portion of the conduct and damages alleged herein.  Plaintiff is unable at this time to ascertain the entire name(s) or part of the name(s) of the Doe Defendants.  Plaintiff has made diligent and good faith efforts to ascertain the identity, actions and liability of said

unidentified Defendants, but has not been able to ascertain such identities. Plaintiff will identify said Defendants when they are discovered.

## JURISDICTION AND VENUE

5. This action arises, *inter alia*, under Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants HGG and HAHN (collectively the "Defendants") and the amount in controversy exceeds $75,000. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a), as such claims are pendent and ancillary to Plaintiff's federal law claims.

6. This Court has jurisdiction over the Defendants in that each Defendant is present and doing business, generally, in the State of California and/or because Defendants have had significant contacts with the State of California and the causes of action alleged herein, and injuries Plaintiff claims to have suffered, relate directly to and result directly from such contacts.

7. Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391(b), in that Defendants reside within or have their principal place of business within this judicial district and the events giving rise to the claims asserted herein occurred in substantial part within this judicial district

## ALLEGATIONS COMMON TO ALL COUNTS

8. Since 1976, Plaintiff has been operating a distinctive style of fast food, self-service and take out restaurant featuring Hawaiian-style plate lunch dishes.

**Plaintiff's Trademarks and Service Marks**

9. During the period June 1976 through approximately March 1999, Plaintiff operated its fast food restaurants under the names and mark "L & L", "L & L Drive-Inn" and "L & L Franchise" (collectively the "L & L Brand"), within the State of Hawaii.

10. Beginning on or about March 1999, Plaintiff began the expansion of its chain of fast food restaurants to the U.S. mainland, opening its first mainland restaurant in November

1999, in the City of Industry, California. In conjunction therewith, Plaintiff adopted and began using the phrase HAWAIIAN BARBECUE to designate and symbolize its distinctive menu of Hawaiian styled plate-lunch fast food items (the "HAWAIIAN BARBECUE Brand").

11. Plaintiffs currently owns, operates or franchises over 200 L & L HAWAIIAN BARBECUE branded plate lunch style restaurants in the states of Alaska, Arizona. California, Colorado, Georgia, Hawaii, Idaho, Maryland, Nevada, New Mexico, New York, North Carolina Oregon, South Carolina, Texas, Virginia, and Washington, as well as locations outside the United States. Plaintiff continues to expand and plans to open new L & L HAWAIIAN BARBECUE branded restaurants in additional U.S. states and countries.

12. Plaintiff has continuously offered restaurant services under the L & L Brand since June 1976. Plaintiff has continuously offered restaurant services under the L & L Brand in interstate commerce since as early as March 1999 and since at least November 1999.

13. Plaintiff has continuously offered restaurant services under the HAWAIIAN BARBECUE Brand in interstate commerce since as early as March 1999 and since at least November 1999.

14. Plaintiff has, since 1976, expended considerable time, money and effort in promoting its L & L Brand. Plaintiff has, since 1999, expended considerable time, money and effort in promoting its HAWAIIAN BARBECUE Brand.

15. Plaintiff uses its L & L and HAWAIIAN BARBECUE Brands on signage, advertising, menus, and other promotional and publicity materials and, since August 2001, on its website located at <www.hawaiianbarbecue.com> ("L & L web domain").

16. As a result of the widespread availability of L & L HAWAIIAN BARBECUE restaurants, the quality of the restaurants' services, and widespread and comprehensive advertising and publicity campaigns, the L & L and HAWAIIAN BARBECUE Brands and the L & L HAWAIIAN BARBECUE branded restaurants have gained substantial notoriety, have been the subject of numerous magazine and newspaper articles, and are easily recognized and well-known, in Hawaii, California and other places within the United States. The L & L and HAWAIIAN BARBECUE Brands represent substantial goodwill and hold considerable value to

Plaintiff and the success of its fast food restaurant and franchise business.

17. Plaintiff currently owns the following federal trademark and service mark USPTO registrations for L & L, HAWIIAN BARBECUE, and related and other marks, each which is valid and pending (collectively the "L & L Marks"), and has other federal trademark and service mark applications pending:

| MARK | Class | Registration No. | Registration Date |
|---|---|---|---|
| HAWAI`I REMIXED | 43 | 5,509,923 | 7/3/2018 |
| HAWAIIAN BARBECUE | 43 | 3,359,528 | 12/25/2007 |
| L & L | 42 | 2,485,225 | 9/4/2001 |
| L & L DRIVE-INN | 42 | 2,485,226 | 9/4/2001 |
| L & L HAWAIIAN BARBECUE | 42 | 2,490,665 | 9/18/2001 |
| [L & L Hawaiian Barbecue logo] | 43 | 3,467,839 | 7/15/2008 |
| [L & L Hawaiian Barbecue Since 1976 logo] | 25, 43 | 5,235,028 | 7/4/2017 |
| [L & L Hawaiian Barbecue Since 1976 Hawaii logo] | 43 | 3,041,811 | 1/10/2006 |
| L & L HAWAIIAN GRILL | 43 | 3,163,719 | 10/24/2006 |
| MIXPLATE | 43 | 5,520,733 | 7/17/2018 |
| [MIXPLATE logo] | 43 | 5,509,922 | 7/3/2018 |

| Mark | Class | Reg. No. | Reg. Date |
|---|---|---|---|
| (logo) | 43 | 5,608,240 | 11/13/2018 |
| (logo) | 43 | 3,223,152 | 3/27/2007 |
| THE 1ST HAWAIIAN BARBECUE | 43 | 3,715,629 | 11/24/2009 |
| THE NO. 1 HAWAIIAN BARBECUE | 43 | 3,715,630 | 11/24/2009 |
| THE ORIGINAL HAWAIIAN BARBECUE | 43 | 3,784,326 | 5/4/2010 |
| (L&L Hawaiian Mixplate logo) | 25,43 | 6,067,404 | 6/2/2020 |
| HAWAI'I IS A BITE AWAY | 25, 43 | 6,052,950 | 5/1/2020 |
| HAWAII'S COMFORT FOOD (Supplemental Register) | 43 | 6,109,709 | 7/21/2020 |
| HAWAII'S COMFORT FOOD (Principal Register) | 43 | 6,851,365 | 9/20/2022 |
| L & L HAWAI'I | 43 | 7,180,426 | 10/3/2023 |
| (L&L Hawaiian Barbecue logo) | 43 | 7,187,105 | 10/10/2023 |

**Plaintiff's Distinctive Trade Dress**

18.     Plaintiff's operated and franchised restaurants employ distinctive interior and exterior architectural design features (the "L & L Trade Dress") which distinguish Plaintiff's franchised fast-food restaurants from fast-food restaurants operated by others.  These distinctive

architectural design features, which are non-functional, are mandated and enforced through Plaintiff's franchise agreements, operations manual, and other agreements Plaintiff has with its franchisees.

19. The L & L Trade Dress that distinguishes Plaintiff's restaurants and their services from other fast-food restaurants and their services include, but is not limited to: (1) tapa design wall paper; (2) prominent display of the word ALOHA in large lettering on the side of the order counter; (3) a blue color wave design above the order counter; (4) tabletops with red color inlay borders; and (5) the layout and arrangement of menu items on overhead illuminated menu boards (collectively the "L & L Trade Dress");

20. The consuming public has come to recognize the L & L Trade Dress as representing Plaintiff's franchised restaurants and the quality food and services offered at Plaintiff's franchised restaurants.

21. The L & L Trade Dress, or some of it, is inherently distinctive. To the extent the L & L Trade Dress is not inherently distinctive, the L & L Trade Dress has acquired distinctiveness and secondary meaning through advertising and promotion, and through its long term and substantially exclusive use.

22. Plaintiff adopted and has been using the L & L Trade Dress described above in interstate and foreign commerce. Plaintiff's L & L Trade Dress constitutes designations of origin used in commerce within the meaning, and obtaining the protection, of Section 43(a) of the Lanham Act.

23. Plaintiff has expended considerable time, money and effort in ensuring its franchised restaurants exhibit to the extent feasible the L & L Trade Dress in a consistent manner, and in promoting its franchised restaurants incorporating the L & L Trade Dress. As a result thereof, of the qualify food and services offered at Plaintiff's franchised restaurants incorporating the L & L Trade Dress, the L & L Trade Dress is easily recognized and well-known in Hawaii, California and other places within the United States, representing substantial goodwill, and holding considerable value to Plaintiff and to the success of Plaintiff's fast food restaurant and franchise business.

**Copyright Protected Food Item and Other Photographs**

24. Plaintiff has acquired numerous photographs of the food menu items, still life and life style images (collectively the "L & L Photos") that Plaintiff uses in its menus, menu boards, advertising and promotional materials, and in other ways.

25. The L & L Photos are original works of authorship fixed in a tangible medium of expression, eligible for copyright protection and protected by copyright pursuant to 17 U.S.C. § 101 et. seq.

26. The photographers who created and edited the L & L Photos assigned all their rights in and to the L & L Photos, including all copyrights in the L & L Photos, to Plaintiff by written agreement.

27. The copyrights in the L & L Photos have been registered to Plaintiff with the U.S. Copyright Office as reflected in Copyright Registration Certificate numbers: VA 0002331363, VA0002331364, VA0002331367, VA0002331369, VA0002331370, VA0002331373, VA0002331376, VAu001496947, VAu001493488 and others.

28. As owner of the copyrights in the L & L Photos, Plaintiff has the exclusive rights enumerated in 17 U.S.C. §106, including the exclusive right to reproduce, prepare derivative works, distribute copies, and to display the L & L Photos.

**Trade Secrets**

29. Plaintiff is in possession of confidential and proprietary information that derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use (the "L & L Trade Secrets").

30. The L & L Trade Secrets include, but are not limited to, ingredients used in its menu items prepared and served at Plaintiff's franchised restaurants, recipes for the menu items prepared and served at Plaintiff's franchised restaurants, sources of ingredient used for menu items prepared and served at Plaintiff's franchised restaurants, methods of preparing and cooking menu items offered and served at Plaintiff's franchised restaurants, and methods of operating Plaintiff's franchised restaurants.

31. The L & L Trade Secrets have been and continue to be the subject of efforts reasonable under the circumstances to maintain the L & L Trade Secrets secret and confidential including, without limitation, requiring franchisees and their employees to sign and adhere to confidentiality agreements and to store operations manuals in secure locations.

32. When the facts related to Defendants' uses of the L & L Trade Secrets are ascertained, through appropriate discovery, Plaintiff may amend this action to state claims for violations of the L & L Trade Secrets.

**Facts Particular to Defendants and their Restaurant**

33. On or about June 27, 2016, Defendant HGG entered into a Franchise Transfer Agreement in which a former franchisee transferred its interest in, including its license to operate, a L & L Hawaiian Barbecue restaurant at Bixby Village Plaza, 5716 E. 7" Street, Suite B-6, Long Beach, California 90803 (the "Franchised Restaurant") to Defendant HGG.

34. On or about June 27, 2016, Defendant HGG entered into a franchise agreement with Plaintiff to continue the operation of the Franchised Restaurant, and Defendant HAHN executed that agreement as President and CEO of Defendant HGG. Pursuant to that franchise agreement, Defendant HGG agreed to pay Plaintiff franchise fees and royalties. Also, pursuant to that franchise agreement, Defendant HGG was authorized to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets on and in conjunction with the Franchised Restaurant and to promote the Franchised Restaurant.

35. In or about June 2016, Defendant HAHN executed a Personal Guaranty to guarantee the payment when due of any and all present or future indebtedness to Plaintiff, including all indebtedness resulting or arising to Plaintiff under the franchise agreement, and to guarantee the performance of the franchise agreement obligations to return confidential manuals and other proprietary information of Plaintiff.

36. On or about June 27, 2016, Defendants entered into a Confidential Information Agreement concerning the disclosure to and use by Defendants of certain confidential technical and business information and trade secrets belonging to Plaintiff, including the L & L Trade Secrets, during the period of time that Defendant HGG is a franchisee.

37. On or about June 29, 2021, Plaintiff's franchise agreement with Defendant HGG ended. Upon termination of the agreement, Defendants had no further rights, authority or permission to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets in conjunction with the operation of the Franchised Restaurant or otherwise, and were obligated to return Plaintiff's confidential information such as the operations manuals and recipes.

38. Plaintiff has not given Defendants permission to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets apart from their use at the Franchised Restaurant during the term of the franchise agreement.

39. Since termination of the franchise agreement, Defendants have operated a restaurant, currently named LB HAWAIIAN BBQ or LB HAWAIIAN BARBECUE, at the location of the former Franchised Restaurant and have continued to use certain L & L Marks, L & L Trade Dress, L & L Photos, and the L & L web domain in conjunction with Defendants' operation and promotion of a restaurant at the location of the former Franchised Restaurant.

40. Plaintiff has made demand upon Defendants to cease and desist from using the L & L Marks and the L & L Photos, in conjunction with Defendants' operation and promotion of a restaurant at the location of the former Franchised Restaurant. Notwithstanding such demand, Defendants continue to use certain L & L Marks, L & L Trade Dress, L & L Photos, and the L & L web domain, in conjunction with Defendants' operation and promotion of a restaurant at the location of the former Franchised Restaurant.

**FIRST CLAIM FOR RELIEF**
**(For Trademark Infringement in Violation**
**of Sections 32 et seq. of the Lanham Act)**

41. Plaintiff incorporates by reference paragraphs 1 through 40, above, as though fully set forth herein.

42. The L & L Marks listed in paragraph 17 above constitute registered marks within the meaning of Sections 32 et seq. of the Lanham Act, 15 U.S.C. §§ 1114 et seq.

43. In conjunction with the operation of their restaurant at the location of the former

Franchised Restaurant, Defendants have used and are using one or more of Plaintiff's registered marks:

    a. L & L HAWAIIAN BARBECUE, which has been registered by the United States Patent & Trademark Office as registration number 2,490,665, issued September 18, 2001, in international class 042 for fast-food restaurant;

    b. L & L, registered by the United States Patent & Trademark Office as registration number 2,485,225, issued September 4, 2001, in international class 042 for restaurants; and/or

    c. THE ORIGINAL HAWAIIAN BARBECUE, registered by the United States Patent & Trademark Office as registration number 3,784,326, issued May 4, 2010, in international class 043 for, *inter-alia*, restaurant services.

True and correct copies of United States Patent & Trademark Office registrations no. 2,490,665, registration no. 2,485,225, and registration no. 3,784,326, are attached hereto as Exhibit "A."

    44. Upon information and belief, Defendants manage and control a commercial website at https://www.lbhawaiianbbq.com ("Defendants' Commercial Website"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant and/or to encourage viewers of that website to complete food orders for pick up and/or to contact or visit their current restaurant. Defendants' use of "lbhawaiianbbq" as the domain name for Defendants' Commercial Website, which is prominently advertised on menus at their current restaurant at the location of the former Franchised Restaurant, as shown in Exhibit B hereto, is confusingly similar to, and infringes upon, Plaintiff's registered mark L & L HAWAIIAN BARBECUE.

    45. Upon information and belief, Defendants manage and control a listing on website https://www.yelp.com ("Yelp"), at https://www.yelp.com/biz/lb-hawaiian-barbecue-long-beach ("Defendants' Yelp Page"), that appears to have been "claimed" by Defendants, to advertise and promote their current restaurant at the location of the former Franchised Restaurant, and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant at the location of the former Franchised Restaurant.

46. Copies of photographs taken on or about October 19, 2025, at Defendants' current restaurant at the location of the former Franchised Restaurant and a screenshot of a user post on Defendants' Yelp Page, representative of Defendants' continuing, infringing use of Plaintiff's registered marks L & L; L & L HAWAIIAN BARBECUE; and, THE ORIGINAL HAWAIIAN BARBECUE, or marks that are confusingly similar to said Plaintiff's registered marks, are attached hereto as Exhibit "B." As shown therein, the only differences between Plaintiff's registered marks and Defendants' names or marks for Defendants' current restaurant at the location of the former Franchised Restaurant, as displayed by Defendants at the restaurant entrance and on restaurant menus, is the use of the letter "B" in the place of the second letter "L", the use of the abbreviation BBQ for the word Barbecue, and the added the wording "OF FLAVORS" to Plaintiff's THE ORIGINAL HAWAIIAN BARBECUE mark.

47. Defendants' use of the L & L Marks described herein, in conjunction with Defendants' operation and promotion of Defendants' current restaurant at the location of the former Franchised Restaurant, is in a manner intended or likely to cause confusion or mistake or deceive as to the source or origin of restaurant services, or as to sponsorship, affiliation, and association.

48. Defendants use of the L & L Marks in conjunction with their current restaurant at the location of the former Franchised Restaurant is without the authorization or permission of Plaintiff.

49. Defendants use of the L & L Marks or confusingly similar marks is likely to, has caused, and will continue to cause consumer confusion, deception and mistake, in relation to Plaintiff and Plaintiff's restaurant services. Defendants' use of the L & L Marks or confusingly similar marks in this and other manners constitute infringement of Plaintiff's federally-registered L & L Marks within the meaning of 15 U.S.C. § 1114.

50. Upon information and belief Defendants' acts of infringement described above, or some of them, were carried out with the knowledge that Plaintiff is the owner of the L & L Marks. Thus, in doing the acts complained of herein, Defendants have willfully, intentionally and/or at least recklessly infringed Plaintiff's rights under the Trademark Laws of the United

States. 15 U.S.C. §§ 1114 et seq.

51. Defendants' wrongful acts of trademark infringement have caused and will continue to cause immediate and irreparable injury to Plaintiff, which injuries are not adequately compensable by monetary damages. Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendants, and Defendants' respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with them, from, among other things, using the L & L Marks, in commerce or otherwise, or any other such mark which is likely to, by unfair and deceptive means, confuse consumers and the general public as to the source or origin of Defendants' goods or services, or as to whether Plaintiff is affiliated with, sponsors, is associated with, or approves of Defendants, or vice versa, or their respective goods or services.

52. As a further result of Defendants' conduct, Plaintiff has suffered and will continue to suffer significant monetary damages, including without limitation lost profits and damage to its goodwill and business reputation. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' conduct, but will prove such damages at trial.

53. As a further result of Defendants' improper conduct, Plaintiff is entitled to recover the gains, profits and advantages Defendants have obtained as a result of their improper conduct. The amount of such gains, profits and advantages is at the present time unknown to Plaintiff but will be proven at trial.

54. Upon information and belief, Defendants' conduct was reckless, knowing, intentional and/or malicious. Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants in an amount equal to three (3) times either the profits Defendants have earned or the damages sustained by Plaintiff.

55. In addition, Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**(For Trade Dress Infringement in**
**Violation of Section 43(a) of the Lanham Act)**

56. Plaintiff incorporates by reference paragraphs 1 through 55, above, as though

fully set forth herein.

57. Defendants used or are using L & L Trade Dress, specifically the blue color wave design above the order counter and wooden tabletops with red color inlay borders, at their current restaurant at the location of the former Franchised Restaurant. True and correct copies of screenshots of user posts on Defendants' Yelp Page and a photograph from the outside of Defendants' current restaurant, depicting the interior of Defendants' current restaurant at the location of the former Franchised Restaurant, representative of Defendants' infringing uses of that L & L Trade Dress are attached hereto as Exhibit "C."

58. Defendants have used and are using the L & L Trade Dress in Defendants' operation of the restaurant at the location of the former Franchised Restaurant. Defendants' use of the L & L Trade Dress in this manner is without Plaintiff's authorization, permission or consent.

59. Defendants' use of the L & L Trade Dress in the operation of the restaurant at the location of the former Franchised Restaurant, confuses and threatens to confuse consumers and the general public as to the source or origin of Defendants' restaurant, food and services and as to whether Plaintiff is affiliated with, sponsors, is associated with or approves of Defendant, and vice versa, and their respective goods and services.

60. Defendants' unauthorized use of Plaintiff's Trade Dress in the operation of the restaurant at the location of the former Franchised Restaurant, infringes the rights Plaintiff has accrued in the L & L Trade Dress, and misappropriates, by unfair and deceptive means, the goodwill represented by the L & L Trade Dress, diminishing its value to Plaintiff and causing Plaintiff to suffer significant monetary damages, including without limitation lost profits and damage to its goodwill and business reputation.

61. Upon information and belief, as a further result of Defendants' wrongful conduct, Defendants have obtained gains, profits and advantages Defendants would not have reaped but for Defendants' unfair and deceptive acts.

62. Irreparable harm and injury are imminent as a result of Defendants' continued use, or threatened continued use, of Plaintiff's L & L Trade Dress. Remedies at law cannot

adequately address or compensate Plaintiff for the injuries it has suffered, and will continue to suffer, as a result of Defendants' wrongful conduct.

63. Defendants knew, or should have known, prior to and at the time of their unauthorized use of Plaintiff's L & L Trade Dress, that Plaintiff owned the L & L Trade Dress. Defendants' wrongful conduct, or some of it, was reckless, knowing, intentional and/or malicious.

64. Pursuant to Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to a declaration that Defendants' use of Plaintiff's Trade Dress constitutes a violation of Section 43(a) of the Lanham Act; a preliminary and permanent injunction enjoining Defendants from any and all further use of the L & L Trade Dress, in identical form thereof, or in any similar form as to be likely to cause confusion, mistake or deception; and, compensatory damages, treble damages, attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(For Infringements of Copyrights in**
**Violation of 17 U.S.C. § 501)**

65. Plaintiff incorporates by reference paragraphs 1 through 64, above, as though fully set forth herein.

66. Plaintiff holds all rights, title, and interest in the copyrights to the twelve (12) L & L Photos at issue in this matter as holder and owner of the copyrights. The copyrights for those photographic works were registered with the United States Copyright Office as VA 2-331-363, effective December 6, 2022, in the name of Plaintiff as copyright claimant who has exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the twelve (12) L & L Photos, below their respective image titles, and the Certificate of Registration that relates to those photographic works, are attached hereto as Exhibit "D."

67. Plaintiff discovered that Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of copies of the L & L Photos described above, without obtaining licenses or consent from Plaintiff.

68. Upon information and belief, Defendants manage and control a commercial web page at https://lb-hawaiian-barbecue.foodjoyy.com/ ("Defendants' Foodjoyy Page") and used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of copies of ten (10) of the L & L Photos on Defendants' Foodjoyy Page to advertise and promote their current restaurant at the location of the former Franchised Restaurant and/or to encourage viewers of that web page to contact or visit their current restaurant. True and correct copies of a screenshots representative of Defendants' continuing, infringing uses of the ten (10) photographic works on Defendants' Foodjoyy Page are attached hereto as Exhibit "E."

69. Defendants' restaurant at the location of the former Franchised Restaurant also appears on a business listing on search engine website Google, at https://www.google.com ("Google"), which contains customer reviews.

70. Upon information and belief, Defendants used, or supplied, and/or publicly displayed, and/or knowingly induced and/or contributed to the copying and public display of copies of nine (9) of the L & L Photos on the menu board at their current restaurant at the location of the former Franchised Restaurant. True and correct copies of screenshots of user posts on Defendants' Yelp Page and on Google reviews for Defendants' restaurant representative, of Defendants' infringing uses of those photographic works at their current restaurant at the location of the former Franchised Restaurant, are attached hereto as Exhibit "F."

71. Upon information and belief, Defendants used, or supplied, and/or publicly displayed, and/or knowingly induced and/or contributed to the copying and public display of copies of eleven (11) of the L & L Photos on menus and on the wall of the dining area of Defendants' current restaurant at the location of the former Franchised Restaurant. Copies of photographs taken on or about October 19, 2025, at Defendants' current restaurant at the location of the former Franchised Restaurant of a menu and of two framed photographs on the wall of the dining area, representative of Defendants' continuing, infringing uses of eleven (11) of the L & L Photos, are attached hereto as Exhibit "G."

72. Despite Plaintiff's demand to Defendants that they cease use of the L & L Photos,

Defendants continued to use the above-described L & L Photos.

73. Defendants' unauthorized reproduction, distribution, or display of those L & L Photos by uploading, copying, publicly displaying, downloading and otherwise using and/or supplying the photographic works and unauthorized copies of such works on said commercial web pages or at their restaurant for Defendants' operation and promotion of the restaurant at the location of the former Franchised Restaurant constitutes infringements of Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*.

74. Defendants' acts constitute willful copyright infringements under the United States Copyright Act, 17 U.S.C. §§ 101 et seq. for which Defendants are directly, contributorily, and/or vicariously liable, jointly and/or severally in the alternative.

75. Plaintiff is informed and believes that Defendants aided and abetted, authorized/directed/or ratified, and/or contributed to the infringements in that Defendants had knowledge of the infringements at issue and either (a) materially contributed to or (b) induced that infringement, including but not limited to by uploading the photographic works to the above-websites, supplying the photographic works to the websites, and/or failing to remove the photographic works from the websites, thereby causing additional distributions and infringements by the websites, related service providers, and users of such websites.

76. Plaintiff is informed and believes that to the extent any other person or entity was involved in the infringing activity, Defendants are also vicariously liable for such infringements as Defendants enjoyed and/or attempted to obtain a direct financial benefit from the infringing activity and had during all relevant times the right and ability to supervise the infringing activity.

77. Irreparable harm and injury are imminent as a result of Defendants' continued unauthorized reproduction, distribution, or display of the L & L Photos. Remedies at law cannot adequately address or compensate Plaintiff for the injuries it has suffered, and will continue to suffer, as a result of Defendants' wrongful conduct. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

78. Because Defendants were using Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired copies (however stored or recorded) impounded while this action is pending.

79. Plaintiff has suffered harm in the form of economic damage as a result of Defendants' unauthorized reproduction, distribution, or display of the L & L Photos, while Defendants have wrongfully profited from such unauthorized uses. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement or the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

80. Pursuant to Section 504 of the Copyright Act, Plaintiff is entitled to Defendants' wrongfully reaped profits, together with the economic harm suffered by Plaintiff, or, if available and at Plaintiff's option, statutory damages, and Plaintiff's costs and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (For Unfair Competition Under § 17200 et seq. of the California Business and Professional Code)

81. Plaintiff incorporates by reference paragraphs 1 through 80, above, as though fully set forth herein.

82. Defendants' Yelp Page for Defendants' current restaurant at the location of the former Franchised Restaurant contains the L & L web domain as a hyperlink to Defendants' Commercial Website. When a user clicks on that L & L web domain hyperlink, they are automatically routed to Defendants' Commercial Website. Furthermore, Defendants' Yelp Page continues to contain L & L Marks. True and correct copies of screenshots of Defendants' Yelp Page containing the L & L web domain hyperlink and L & L Marks, and Defendants' Commercial Website, are attached hereto as Exhibit "H."

83. Defendants' unauthorized uses of the L & L Marks, L & L Trade Dress, L & L Photos, and L & L web domain, above-described and as shown in the Exhibits hereto, in the operation and promotion of Defendants' restaurant at the location of the former Franchised

Restaurant, in a manner intended or likely to cause confusion or mistake or deceive as to the source or origin of restaurant services, or as to sponsorship, affiliation, and association, constitutes unlawful, unfair, and/or fraudulent business practices in violation of California Business and Profession Code Sections 17200 et seq.

84. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including misappropriation and dilution of Plaintiff's goodwill, confusing existing and potential customers, injury to Plaintiff's reputation, and diminution of the value of Plaintiff's products, services and franchise.

85. The harm these wrongful acts is causing and will continue to cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain. Plaintiff has no adequate remedy at law.

86. Plaintiff is entitled to an injunction restraining Defendants, and all acting in concert with Defendants, from any and all further use of the above-described L & L Marks, L & L Trade Dress, L & L Photos, and L & L web domain.

WHEREFORE, Plaintiff L & L FRANCHISE, INC. prays for judgment against Defendants HGG and HAHN, and against any Defendant DOES 1-10 as may be identified prior to judgment, jointly and severally, as follows:

1. A finding that Defendants infringed upon Plaintiff's rights in the above-described L & L Marks and L & L Trade Dress;

2. A finding that Defendants infringed upon Plaintiff's copyrights in the above-described L & L Photos;

3. A finding that Defendants' conduct with respect to the above-described L & L Marks, L & L Trade Dress, L & L Photos, and L & L web domain, considered individually and in combination, constitutes unfair competition under the California Civil Code;

4. A preliminary and permanent injunction enjoining and restraining each Defendant, and each Defendant's respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with each, from, among other things, using the L & L Marks and any marks that are confusingly similar, any L & L Trade Dress and trade dress

that is confusingly similar to any L & L Trade Dress, any L & L Photos, the L & L web domain, or any designation of origin that, by unfair and deceptive means, confuses consumers and the general public as to the source or origin of Defendants' goods and services, or as to whether Plaintiff is affiliated with, sponsors, is associated with or approves of Defendants or Defendants' goods and services;

5. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the photographic works at issue impounded and/or destroyed or disposed of in other reasonable fashion;

6. Compensatory damages, figured in terms of the injury suffered by Plaintiff, or the gains and profits reaped by the Defendants, or both, in an amount to be established at trial;

7. Statutory damages, to the extent available and as authorized by statute, in the maximum amounts authorized by federal and state statute;

8. Exemplary damages in the amounts authorized by federal and state statute;

9. Plaintiff's attorneys' fees, as authorized by federal and state statute; and,

10. Plaintiff's costs, prejudgment interest and such other and further relief as the Court deems just and appropriate in the circumstances.

DATED: December 30, 2025

    Respectfully Submitted,

    MILLER JOHNSON LAW

    /s/ Jon B. Miller
    JON B. MILLER

    SETH M. REISS, AAL, ALLLC
    (Subject to Admission Pro Hac Vice)

    /s/ Seth M. Reiss
    SETH M. REISS

    DANE ANDERSON, Attorney at Law, LLLC
    (Subject to Admission Pro Hac Vice)

    /s/ Dane Anderson
    DANE ANDERSON

    Attorneys for Plaintiff L & L FRANCHISE, INC.